```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 27 2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :     **ORDER**

   - v. -                             :
                                          15 Cr. 95 (AJN)

NICO BURRELL et al.,
                                :

        Defendants.        :

- - - - - - - - - - - - - - - - - x

       Upon the application of the United States of America, Preet Bharara, United States Attorney for the Southern District of New York, by and through Assistant United States Attorney Rachel Maimin, of counsel, for an order precluding the dissemination of Enterprise Letters in this case:

       1.   With respect to the Initial Enterprise Letter to be disclosed by the Government on September 27, 2016 and any Supplemental Enterprise Letters (together, the "Enterprise Letters"), the Enterprise Letters:

          a.   Shall be used by each defendant and his counsel of record only for purposes of the defense of this case;

          b.   Shall be maintained in a safe and secure manner solely by each defendant's counsel of record; shall not be possessed by the defendant, except in the

      presence of defendant's counsel or any Designated Person as defined below; and shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 1(c) below;

c.   May be disclosed by defense counsel only to the following persons (hereinafter "Designated Persons"):

    i.   Investigative, secretarial, clerical, and paralegal student personnel employed full-time or part-time by each defendant's counsel of record;

    ii.   independent expert witnesses, mitigation specialists, investigators, or advisors retained by each defendant's counsel of record in connection with this action;

    iii.   other witnesses testifying to the contents of the document;

    iv.   the parents or legal guardians of the defendants (the "Parents"), except the Parents may not be permitted to review the Enterprise Letters except in the presence of counsel; and

   v. such other persons as hereafter may be authorized by the Government or by the Court upon motion by any defendant.

  2. The defendant and his counsel of record shall provide a copy of this Order to any Designated Persons to whom they disclose the Enterprise Letters pursuant to paragraph 1(c). Prior to disclosure of the Enterprise Letters to any Designated Person, pursuant to paragraph 1(c), any such Designated Person shall agree to be subject to the terms of this Order.

  3. The Enterprise Letters shall not be posted or caused to be posted by the defendants or any other person on the Internet, including any social media website.

  4. The provisions of this Order shall not be construed as preventing the disclosure of the Enterprise Letters or material contained therein in any motion, hearing, trial, or sentencing proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court for purposes of the above-referenced action. However, all such filings shall comply with the provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

  5. The provisions of this Order shall not be construed as preventing the disclosure or discussion of the Enterprise

Letters or the material herein among defense counsel of record on this case.

6.   The provisions of this Order shall not be construed as preventing Emma M. Greenwood, Esq., the Court-appointed Coordinating Discovery Attorney in this case, or her employees from reviewing the Enterprise Letters or discussing them with defense counsel.  Ms. Greenwood shall instruct her employees that they are bound by this Order.

Dated:      New York, New York
            Sept. 27      , 2016

_____
THE HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

Nothing in this Order alters the parties' obligation to comply with this Court's Individual Practices in Criminal Cases regarding requests for redaction or sealing.

4